PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2005 Dodge Grand Caravan struck a sign while claimant was driving on Route 607 in Lawrence County, Ohio. At the time of the incident, claimant was approaching the 31st Street Bridge in Huntington. Respondent had placed the “Men Working Ahead” sign while work was being performed on the 31st Street Bridge. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:45 p.m. on March 8, 2005. The portion of Route 607 where this incident occurred is a three-lane paved road. Claimant was driving approximately two tenths of a mile from the 31st Street Bridge on Route 607 when a road sign struck his vehicle’s passenger side fender. It was dark and snowing, and claimant was driving below the speed limit of forty-five miles per hour. Although claimant did not see the sign fall, he believed that the twenty mile an hour winds blew the sign’s posts into the roadway. The “Men Working Ahead” portion of the sign was not laying on the travel portion of the road. Claimant was familiar with *135 this road and had driven it earlier the same day, but he did not notice any problems with the sign prior to this incident. As a result, claimant’s vehicle sustained damage to its fender totaling $421.37, and the amount of his insurance deductible is $250.00.
The position of respondent is that it did not have actual or constructive notice of the fallen road sign on Route 607. Neal Morrison, Assistant Supervisor for respondent in Cabell County, testified that his office was not responsible for the work in this area, but the Bridge Department could have been performing maintenance at this location. Mr. Morrison stated that his office did not receive any complaints prior to claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for incidents suchas this, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep't of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the sign that had been blown down due to wind, which presented a hazard to the traveling public. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $250.00.
Award of $250.00.